**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 13, 2015

**BY ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    United States v. Xin Shan Guo,
                12 Cr. 707 (LAK)

Dear Judge Kaplan:

      In response to a motion from the defense, the Government respectfully submits this letter to address the defendant's eligibility for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent amendments to the Sentencing Guidelines for most offenses involving controlled substances. As set forth more fully below, the defendant is eligible for a reduction in sentence to 30 to 37 months' imprisonment, and the Government does not object to a reduction in sentence to a term of imprisonment within that range.

      A.      **Background**

      On or about May 31, 2013, the defendant pleaded guilty to conspiring to distribute and possess with intent to distribute controlled substances from at least 2010 through September 2012, in violation of Title 21, United States Code, Sections 841(b)(1)(C) and 846. The defendant pleaded guilty pursuant to a plea agreement in which the parties stipulated that the applicable Guidelines range was 37 to 46 months' imprisonment.

      On December 8, 2013, the Court held a sentencing hearing. At the sentencing, the Court determined that the defendant's applicable Guidelines offense level was 21, criminal history category was I and resulting Guidelines range was 37 to 46 months' imprisonment. The parties stipulated that the defendant was eligible for safety-valve relief, which was reflected in the Guidelines range stipulated to in the plea agreement and which finding was adopted by the Court. The Court imposed a Guidelines sentence of 37 months' imprisonment. The defendant did not his appeal his sentence or conviction.

October 13, 2015
Page 2

The defendant's current projected release date is December 22, 2015.[1]

### B. Applicable Law

In its recent Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affects not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See, e.g.,* U.S.S.G. § 2D1.5 (CCE); U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. Thus, many defendants – potentially the defendant in this case – have become eligible for a sentence reduction pursuant to the recent amendments.

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon* v. *United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If, for any of a number of reasons, the amendment – here, the amendment to Section 2D1.1's Drug Quantity Table – would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing (for example, where the defendant was sentenced as a career offender, or where the bottom of the range was established by a statutory mandatory minimum sentence), then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B). ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")

Similarly, as to the extent of any possible sentencing reduction, "Courts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal

---

[1] The defendant was originally released on bail following his September 20, 2012 arrest in this matter, but has been imprisoned since March 19, 2013, when he was arrested pursuant to a warrant issued in connection with a different indictment, 13 Cr. 179 (MGC), at which time he tested positive for marijuana. The defendant's plea in this matter resolved both the charges pending in the instant indictment as well as the indictment pending before Judge Cedarbaum.

October 13, 2015
Page 3

quotation marks omitted).  Although, at one time, there was ambiguity over whether a Court might reduce a defendant's sentence to something less than the minimum of the amended Guidelines range if the defendant had originally received a departure or variance below his original Guidelines range, the Commission has now made clear that even where a defendant originally received a below-Guidelines sentence, he nonetheless may not have his sentence reduced to one that is below the new, amended range; the sole exception being a defendant who previously received a departure based on substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"); *United States* v. *Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that current version of Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  This decision is committed to the Court's discretion. *See United States* v. *Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in Dillon requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

Finally, solely with respect to sentence reduction motions based on Amendment 782 – the amendment at issue here – the Commission has imposed one more important limitation. Specifically, the Commission has directed that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." *See* U.S.S.G. § 1B1.10(e)(1).  Accordingly, any defendant whose existing sentence will result in his release prior to November 1, 2015 is not eligible for a sentence reduction, and the Court may not reduce any other defendant's sentence to such a degree that it would result in a release date earlier than November 1, 2015.

      C.    **Discussion**

Applying the amended Guidelines, the defendant's total offense level is 19, resulting in an amended Guidelines range of 30 to 37 months' imprisonment.  Since the defendant's original sentence of 37 months is higher than the bottom of this amended Guidelines range, the defendant is eligible for a reduction.  Section 1B1.10(b)(2)(A) and (B) provide, however, that the defendant's sentence may not be reduced any lower than the bottom of the amended Guidelines range *unless* the defendant was a Government cooperator who originally received a below-Guidelines sentence pursuant to a substantial assistance motion by the Government:

> (A) <u>Limitation</u>—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18

October 13, 2015
Page 4

> U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) <u>Exception for Substantial Assistance</u>—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2).

Here, the defendant was not sentenced pursuant to a government motion based on his provision of substantial assistance. Accordingly, he is eligible to have his sentence reduced to a term of imprisonment no lower than the bottom of the amended Guidelines range of 30 to 37 months' imprisonment.

In the Government's opinion, the defendant's prison disciplinary records – which show a single instance of discipline for fighting with another inmate – do not counsel against a sentence reduction.

In light of these factors, the Government does not object to a sentence within the new amended Guidelines range of 30 to 37 months' imprisonment. The Court is not authorized to reduce the defendant's sentence to less than the time he has already served. *See* U.S.S.G. § 1B1.10(b)(2)(C).

If the Court grants a reduction of sentence that makes the defendant's release from custody immediate or imminent, the Government requests that the Court delay the defendant's release for a period of at least ten calendar days from the date of the Court's order. This period of delay will enable the Bureau of Prisons (1) to review the defendant for possible civil commitment as a sexually dangerous person, as required by 18 U.S.C. § 4248; (2) to notify victims and witnesses of the release of an offender as required by 18 U.S.C. § 3771; (3) to notify law enforcement officials and sex offender registration officials of the release of a violent offender or sex offender pursuant to 18 U.S.C. § 4042(b) and (c); and (4) to have adequate time to collect DNA samples pursuant to 42 U.S.C. § 14135a.

In addition, the Commission has directed that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." *See* U.S.S.G. § 1B1.10(e)(1). Accordingly, any defendant whose existing sentence will result in his release prior to November 1, 2015 is not eligible for a sentence reduction, and the Court may not reduce any other defendant's sentence to such a degree that it would result in a release date earlier than November 1, 2015. The Government respectfully requests that the Court make any reduction effective no earlier than November 1, 2015 by using form AO 247 ("Order Regarding Motion for Sentence Reduction Pursuant to 18

U.S.C. § 3582(c)(2)"), which provides for this option, and/or by including the following language in any order granting a reduction:

> AND NOW, this _____ day of _____, 2015, upon consideration of the defendant's motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence pursuant to Amendment 782 to the Sentencing Guidelines, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), it is ORDERED that the defendant's sentence is reduced to a term of _____ months. All other terms of the judgment in this case shall remain unchanged. This order is effective on November 1, 2015. If the amount of time the defendant has served as of November 1, 2015, exceeds the reduced sentence stated in this Order, the sentence is instead reduced to a sentence of time served as of November 1, 2015.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____/s/_____
BRIAN R. BLAIS
Assistant United States Attorney
(212) 637-2521

cc:   Jennifer Brown, Esq. (counsel for Guo)
      U.S. Probation Officer Jessica Isaacs